United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-10062
Summary Calendar

In the Matter Of: HENRY WILLIAM WATERS, doing business as Dusty
Rose Apartments, doing business as DSI, Inc; AMY SUZZANE WATERS,

Debtors,

HENRY WILLIAM WATERS

Appellant,

versus

CHRIS THOMASON,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(5:02-CV-255-C)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Henry William Waters appeals from the district court's order
affirming the bankruptcy court's determination that certain debts
owed to Chris Thomason by Waters (her former son-in-law) were
nondischargeable under 11 U.S.C. § 523(a)(2)(A) — the fraud
exception. Our standard of review is the same as that already

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employed by the district court: we review the bankruptcy court's legal conclusions *de novo*; its factual findings, only for clear error. *E.g.,* **In re Charrier**, 167 F.3d 229, 232 (5th Cir. 1999).

First, Waters contends the bankruptcy court erred by: treating Thomason's *pro se* Exemption Objection as a § 523(a)(2)(A), adversary complaint; allowing her to amend it; and relating it back to the timely filing of the objection. Although Thomason's initial, timely pleading apparently confused the words "exempt" or "exempting" with "discharge" or "discharging", the bankruptcy court determined the pleading generally gave Waters fair notice of Thomason's general claim and the ground upon which she relied. Based upon our review, the bankruptcy court did not err by applying the relation-back doctrine and allowing a § 523 complaint.

Waters next challenges two of the bankruptcy court's factual findings regarding the fraud elements: (1) that a false representation was knowingly made; and (2) that Thomason was justified in relying on Waters' statements. Based upon our review, these findings were not clearly erroneous.

Finally, Waters maintains Thomason pursued the wrong party for her debt, because Thomason's money went into DSI, Inc.'s, account rather than directly to Waters (he was an officer in DSI). The bankruptcy court did not err in holding Waters is obligated to Thomason and that the obligation is thus non-dischargeable. *See* **In re M.M. Winkler & Assoc.**, 239 F.3d 746, 749 (5th Cir. 2001) (if

debtor liable to defrauded party for money obtained by fraud, obligation is non-dischargeable).

**AFFIRMED**